ROBERTSON, Presiding Judge.
The issue in this case is whether the trial court erred by not applying Rule 32, Alabama Rules of Judicial Administration, pursuant to § 12-15-71®, Code 1975, in this dependency proceeding.
This case began when the State Department of Human Resources (DHR) filed a petition for temporary custody of S.L.S., a minor child, which alleged, inter alia, that the minor child was dependent and that the minor child was “in need of supervision, treatment, rehabilitation, care, and the protection of the State.” The petition further alleged that “the parents of said minor child are charged with the legal duty of supporting said child and are able to pay for the support and maintenance of said child.”
Temporary custody of the minor child was placed with DHR on December 12, 1991. After an ore tenus proceeding on the petition on January 28, 1992, the trial court ordered that temporary legal custody *481 of the minor child be vested with DHR. Also at that hearing, DHR requested that the parents be ordered to pay child support in accordance with § 12 — 15—71(i), Code 1975. The trial court found that, from the evidence, neither the natural mother nor the natural father had sufficient income to pay child support. Section 12-15-7 l(i), Code 1975, provides:
“When a child is placed in the custody of the department of human resources ... and when the parents or guardians have resources for child support, the juvenile court shall order child support in conformity with the child support guidelines as set out in Rule 32, Alabama rules of judicial administration.” (Emphasis added.)
During the trial, the parents testified to their limited incomes as well as their financial responsibilities. The father testified that he was unemployed and had been for approximately three months. Also, the father testified that his current wife is seeking employment but has been unemployed for almost one year, and that he has an 11-year-old daughter living at home. The mother testified that she was recently employed as a “sitter” for patients at a hospital; that she makes $60 per shift; that she presently works five to six nights per week; that she has no other source of income; that she has a home mortgage payment of $227.97 per month; and that she presently maintains a home for and supports two other children.
Findings of facts made by a trial court, after it hears ore tenus evidence, carry with them a presumption of correctness. Spruiell v. Robinson, 582 So.2d 508 (Ala.1991). Also, the trial court’s judgment based on these findings is presumed to be correct and will be reversed only if it is found to be unsupported by the evidence or to be plainly and palpably wrong. Spru-iell. Although the trial court used the term “income,” a review of the record reveals that he heard testimony as to the parties’ “resources for child support.” From the record testimony as to the lack of resources of the parents, we cannot hold that the finding of the trial court as to this issue is so unsupported by the evidence as to be plainly and palpably wrong.
Consequently, after the trial court found that the parents did not have the resources for child support, and that finding was supported by the evidence, the trial court did not err in failing to order child support in conformity with the Child Support Guidelines as provided for in § 12 — 15—71(i), Code 1975.
This case is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
RUSSELL, J., dissents.